THE STATE OF MISSOURI, Respondent, v. JOHN G. FERGUSON.

Kansas City Court of Appeals, February 5, 1900.

1. **Criminal Law:** REMOVING CORNER STONE: WILLFULLY EQUALS KNOWINGLY. In the statute relating to removing of corner stones willfully means knowingly, that is, with wrongful intent, not merely intentionally.

Appeal from the Barton Circuit Court.—*Hon. D. P. Stratton,* Judge.

REVERSED AND REMANDED.

*Cole & Burnett* for appellant.

(1) If the word "willful" is used in this statute to convey its usual signification then its signification is "with

a bad motive or purpose." State ex inf. v. Equitable Loan and Investment Co., 142 Mo. 338. The word "willful" must be restricted to such acts as are done with an unlawful intent, and implies tort, wrong; it implies legal malice; that the act was done with evil intent, or without reasonable grounds to believe the act was lawful. State v. Grassle, 74 Mo. App. 313; Commonwealth v. Kneeland, 20 Pick. 220; State v. Preston, 34 Wis. 682; Stat. of Mass. 1865, chap. 230, sec. 3; Hanson v. South Scituate, 115 Mass. 336; Fuller v. Railroad, 31 Iowa, 204; 29 Am. and Eng. Ency. of Law [1 Ed.], p. 114, note 2; Bishop on Statutory Crimes, sec. 231; 1 Bishop's New Criminal Law, secs. 425, 427, 428; R. S. 1889, sec. 3597. Under above section the act must have been done willfully. State v. Pitts, 58 Mo. 556, 558; State v. Newkirk, 49 Mo. 84.

*Edwin L. Moore* for respondent.

(1) That "willfully" in criminal statutes has any other than the well established meaning in Missouri, except possibly in cases in which "corruption" is an ingredient, is not shown by the numerous authorities cited by appellant; and in the Grassle case in the 74 Mo. App., if it decides otherwise, the St. Louis Court of Appeals evidently overlooked or failed to appreciate the distinction between cases in which that element appears and cases in which it is no ingredient, as pointed out by this court in the Ragsdale and Latshaw cases, *supra*. The definition of "willfully" in the case at bar is the definition frequently approved by the supreme court in far more serious cases, and by this court in a case of mere trespass on a highway like this. State v. Bradley, 31 Mo. App. 308-320; State v. Avery, 113 Mo. 475-495-502; State v. Duestrow, 137 Mo. 44-67.

ELLISON, J.—Defendant was indicted and convicted for removing a corner stone marking the boundary of tracts of

land. The prosecution is based on section 3597, Revised Statutes 1889, reading as follows:

"Every person who shall willfully or maliciously, either: First, remove any monument of stone or any other durable material, created for the purpose of designating the corner or any other point in the boundary of any lot or tract of land, or of the state, or any legal subdivision thereof; or, second, deface or alter the marks upon any tree, post or other monument, made for the purpose of designating any point in such boundary; or, third, cut down or remove any tree upon which any such marks shall be made for such purpose, with intent to destroy such marks, shall, upon conviction, be adjudged guilty of a misdemeanor."

The indictment charges that defendant, "on, etc., did then and there willfully and unlawfully remove a certain monument of stone, created and set in the earth for the purpose of designating the corner of a certain tract of land, etc."

The principal point against the judgment relates to the meaning to be given to the word, "willful," as used in the statute. The state contends that it means that the act was done intentionally and not accidentally. The defendant, on the other hand, says the word as used in the statute, means to imply some wrongful motive or knowledge. The trial court held with the state and in so doing we think it committed error.

It is quite true that in misdemeanors a wrongful intent is not necessarily essential. For instance, a sale of intoxicating liquor to a minor is an offense, regardless of the belief of the seller that he was of age. So of many cases affecting the revenue, especially that of the Federal government. The legislature, on account of the facility of evading the law, cuts off all opportunity to do so by broadly declaring the act itself to be the offense.

But here, the offense consists not alone in moving a corner stone, but in willfully moving it. That is, in moving it

knowing it was a corner stone. A man might move a stone in the most innocent way, and under circumstances where no one would have thought of it being a corner stone, yet, if it afterwards turns out to have been, in fact, a corner stone, he surely ought not to be charged with a violation of this statute, notwithstanding he intentionally moved the stone. The act lacks the statutory element of willfulness.

There are many cases where the supreme court of this and other states have held in grave felony cases, that, willfully merely meant, intentionally. But those are cases which involved other terms of definition to make out the offense—terms which necessarily showed wrongful motive. So while in such cases, murder for instance, willfully would mean intentionally, yet the further words defining the offense demonstrates that it must be a wrongful intention. It would not be allowable, of course, in a case of murder to instruct that willfully could mean an innocent act done intentionally.

The statute in question by using the word willfully meant more than the mere voluntary act; it meant to imply a wrongful act. Merely doing an act intentionally, that is, not accidentally, will not fill the definition of a misdemeanor which requires that it shall be done willfully. The voluntary act should be with a bad or an unlawful purpose. State v. Preston, 34 Wis. 682; Commonwealth v. Kneeland, 20 Pick. 220; Hanson v. South Scitnate, 115 Mass. 336; Fuller v. Railway, 31 Iowa, 204; Felton v. United States, 96 U. S. 699; 1 Bishop's Crim. Law, sec. 428.

As before stated, there are acts which are made misdemeanors without qualification and where the act alone makes the offense. Such is the game law, as enacted in section 3902, Revised Statutes 1889. It is to such class that the general language used in Haggerty v. Ice & Storage Co., 143 Mo. 238, is addressed. In such class the act itself is unconditionally and absolutely made an offense. In the class to which this case belongs, the offense is made to depend upon

something besides the act; something which characterizes the act.

The judgment is reversed and the cause remanded. All concur.